USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MCKINLEY STOUDERMIRE,

      Plaintiff,

-against-

U.S. DEPARTMENT OF VETERANS AFFAIRS,

      Defendant.

18-CV-2771 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The President of the United States has declared a national emergency due to the spread of the COVID-19 virus, and the Centers for Disease Control have noted that the best way to prevent illness is to minimize person-to-person contact. In order to protect public health while promoting the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, it is hereby

ORDERED, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), that all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants. It is further

ORDERED, pursuant to Fed. R. Civ. P. 16(b)(4), that all unexpired deadlines for the completion of fact depositions, fact discovery, expert depositions, expert discovery, and/or all discovery are hereby EXTENDED for a period of **30 days**.

Nothing in this Order prevents the parties from seeking to further modify the pretrial schedule in this action in light of the COVID-19 pandemic (or for any other good cause). Prior to seeking such relief, the parties must, as always, meet and confer (via remote means) in a good faith effort to reach agreement on how best to fulfill the goals of Rule 1 while avoiding unnecessary health risks.

Dated: New York, New York
      March 16, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**